OPINION
Appellant Hocking Environmental Company ("Hocking") brings this appeal from the judgment of the Court of Common Pleas of Seneca County finding Hocking in contempt of a court order.
On July 17, 1997, appellee Recycling Institute of Ohio, Inc. ("RIO") filed a complaint against Hocking and Environmental Network Management Corp. ("ENMC") alleging a violation of a waste disposal contract between RIO and ENMC. On February 3, 1998, RIO voluntarily dismissed Hocking from the action. RIO proceeded with the case against ENMC. Due to ENMC's failure to comply with discovery orders, RIO was granted judgment and a court order granting RIO access to the landfill was issued on May 21, 1998. On June 18, 1998, RIO attempted to dump refuse at Hocking's landfill and the load was refused. RIO then filed a motion for contempt on June 25, 1998. On July 15, 1998, a hearing was held on the motion for contempt. On December 31, 1998, the trial court found Hocking in contempt of court. It is from this judgment that Hocking appeals.
Hocking makes the following assignments of error.
 The trial court abused its discretion in enforcing the entry against Hocking.
 The trial court abused its discretion in enforcing the entry against Hocking because the entry erroneously grants to appellee remedies that it did not request in its pleadings.
 The trial court abused its discretion when it arbitrarily denied Hocking its due process rights.
Since the second assignment of error questions the propriety of the judgment entry granting RIO access to the landfill, we will address it first.
The second assignment of error claims that the judgment entry improperly grants remedies to RIO that were not requested. In the complaint, RIO requested specific performance of the contract. This objective was the purpose of the court order granting RIO access to the landfill. However, when RIO's attorney drafted the judgment entry signed by the trial court, various terms of the contract were altered. The contract between RIO and ENMC provides as follows:
 RIO will cause to be shipped municipal solid waste (MSW) to San Lan from various locations in the United States, except that all MSW from the State of Ohio will originate from the area east of Route 83 and north of Route 30 (Northeastern Ohio Region).
* * *
 San Lan agrees to accept, during the period from the effective date hereof through March 31, 1999 (Term) all MSW shipped to San Lan, through RIO, up to a guaranteed maximum of 500 tons per day (TPD), unless modified by both parties at that time in writing. RIO may also ship, at any time, additional spot volumes of MSW up to 500 tons per day contingent upon available capacity at San Lan on any given day, but which will not exceed the daily permitted volumes.
* * *
The rates for MSW delivered to San Lan will be as follows:
* * *
Period Rate
Effective date through March 31, 1997 $10.00 per ton
April 1, 1997 through March 31, 1998 $11.00 per ton
April 1, 1998 through March 31, 1999 $12.00 per ton
April 1, 1999 through March 31, 2000 (option) $13.00 per ton
 Payment terms are to be discussed and approved by both RIO and [ENMC], but said terms shall be no less favorable to RIO than biweekly.
These terms do not match those in the judgment entry.
In the judgment entry, the following discrepancies are found.
 B. RIO and any of its customers, directly or indirectly or through any waste hauler, shall be entitled to deliver, deposit and/or unload MSW for final disposal, at the Landfill, from any location in the United States without restriction, up to 1,000 tons of MSW per day at the following rates:
Period Rate
From the date of this judgment entry
Through May 31, 1999 $10.00 per ton
June 1, 1999 through May 31, 2000 $11.00 per ton
June 1, 2000 through May 31, 2001 $12.00 per ton
June 1, 2001 through May 31, 2002 $13.00 per ton
* * *
 E. Payments are to be made by RIO within 45 days from the date it receives any written invoice or statement from ENMC.
By altering the terms of the contract, the trial court granted more remedy than specific performance allows. Instead of following the contract signed by both ENMC and RIO, RIO was given a new contract with more favorable terms. The trial court did not have the authority to modify the contracted terms in this manner. Thus to do so is an abuse of discretion. The second assignment of error is sustained.
Since the second assignment of error is sustained, the judgment entry granting the access order is vacated. The remaining assignments of error based upon that judgment entry are thus moot.
The judgment of the Court of Common Pleas of Seneca County is vacated and the case is remanded for further proceedings in accordance with this opinion.
Judgment vacated and cause Remanded.
HADLEY and SHAW, JJ., concur.